UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW DRAKE, On behalf of himself and
a class of employees and / or former employees,
similarly situated,

        Plaintiff,

v().                                              Case No. 14-cv-216

AEROTEK, INC. and
ALLEGIS GROUP,

        Defendants.

---

# COMPLAINT

---

Plaintiff, on behalf of himself and a class of similarly situated employees and/or former employees, through his attorneys Gingras, Cates & Luebke, and Axley Brynelson, LLP, hereby files his complaint against Defendants Aerotek, Inc. and Allegis Group as follows:

## INTRODUCTION

1.      This is a collective action for unpaid wages and overtime brought pursuant to 29 U.S.C. sec. 201, *et seq.*, ("FLSA") and a class action brought pursuant to the Wisconsin wage payment and overtime laws, Wis. Stats. Secs. 103, 104, 109.01, *et seq.*

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. sec. 216(b) and 28 U.S.C. sec's. 1331, 1332(d)(2).

3.      This Court has original jurisdiction over the state law claims pursuant to 28 U.S.C. sec. 1332(d)(2) because the amount in controversy exceeds $5,000,000 and the named plaintiff is a citizen of a state different from the states in which the defendants are incorporated

and / or have their principal places of business. In addition, this Court has supplemental jurisdiction over the state law claims pursuant to sec. 28 U.S.C. sec. 1367(a).

4. Venue is proper pursuant to 28 U.S.C. sec. 1391(a) and (c) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because defendants reside in this district in that they regularly conduct business within this district, and thus are subject to personal jurisdiction.

## PARTIES

5. Plaintiff Andrew Drake is a U.S. citizen and a citizen of Wisconsin who resides at 965 Allison St., Sun Prairie, Wisconsin.

6. Drake is an "employee" of Defendants within the meaning of 29 U.S.C. sec. 203(e)(1) and Wis.Stat. secs. 103.001(5), 104.01(2) and 109.01(r).

7. Plaintiff has consented in writing to be a party to this action, and the written consent form required by 29 U.S.C. sec. 216(b) is certified at the end of this Complaint – Exhibit A – and is incorporated herein.

8. Defendant Aerotek, Inc. ("Aerotek") is staffing agency and has been a Maryland corporation at all times material hereto, is subject to Maryland law, and is registered as a foreign corporation with the State of Wisconsin since 2004 (and maintains more than one office in Wisconsin); its principal place of business is at 7301 Parkway Dr., Hanover, Maryland, and its registered agent is CSC-Lawyers Incorporating Service Company, 8040 Excelsior Drive, Ste. 400, Madison, Wisconsin. Under 28 U.S.C. sec. 1332(c)(1) it is deemed to be a citizen of Maryland. On information and belief, Aerotek is a subsidiary of Allegis Group.

9. Defendant Allegis Group (Allegis) is engaged in the staffing and recruiting business, and, on information and belief, does business and maintains an office in Wisconsin.

On information and belief, it is a Maryland Corporation, and it has a principal office address of 7301 Parkway Dr., Hanover, Maryland. On information and belief, Allegis is the parent company of Aerotek.

10. Each defendant is an "employer" within the meaning of 29 U.S.C. sec. 203(d), (r) and (s) and Wis. Stats. Secs. 103.001(6), 104.01(3) and 109.01(2); they have a joint employment relationship under the Fair Labor Standards Act of 1938, as amended under 29 C.F.R. secs. 781.1 and 791.2.

## CLASS ALLEGATIONS

11. Plaintiff seeks to represent two distinct classes: a) a FLSA national class (Counts I, II and III); and b) a Wisconsin class (Counts IV, V, VI and VII). Within the FLSA national class, Plaintiff seeks to represent two distinct sub-classes: 1) recruiters who worked for Defendants during a training period ("Recruiter Trainees") and 2) recruiters who worked for Defendants after the training period. ("Post-Training Recruiters").

    A. The FLSA national subclass (Subclass A1) consists of all current and former Aerotek and Allegis employees who engage or have engaged in the tasks and activities described in paragraph 12A without receiving proper compensation, within the past three years. There are between 4000 and 15,000 members of the proposed Subclass A1, both former and present employees who engage in recruiting activities and other work for Defendants during the recruiters' training period.

    B. The FLSA national subclass (Subclass A2) consists of all current and former Aerotek and Allegis employees who engage or have engaged in the tasks and activities described in paragraph 12A without receiving

3

proper compensation, within the past three years. There are between 4000 and 15,000 members of the proposed Subclass A2, both former and present employees who engage in recruiting activities but whom the Defendants misclassified as "exempt" during the employees' post-training tenure with the defendants.

  C. The Wisconsin class consists of all Wisconsin citizens who meet the criteria set forth in subparagraphs (A) and (B), but who assert their claims pursuant to Counts IV, V, VI and VII. The Wisconsin class consists of all Wisconsin citizens who worked for Defendants as recruiters during the training period and after the training period.

12. There are questions of law and fact common to Class, including the following:

  A. Whether Defendants in following their policies and procedures required Plaintiff and Class members to engage in the following work activities without being paid or properly being paid overtime for said work activities:

    1. Calling or otherwise communicating with clients or prospective clients;

    2. Calling or otherwise communicating with prospective employees to match them with clients;

    3. Meeting with coworkers and supervisors; and

    4. Meeting with clients or prospective clients.

  B. Whether the work activities described in subparagraph (A) constitute an integral and indispensable part of their jobs;

   C.  Whether the work activities described in subparagraph (A) were pursued necessarily and primarily for the benefit of Defendants;

   D.  Whether Defendants paid Plaintiff and Class Members either wages or overtime wages for the work activities described in subparagraph (A);

   E.  Whether Defendants are required to pay Plaintiff and Class Members for the work activities described in subparagraph (A) under the FLSA and state law;

   F.  Whether Defendants' decision not to pay Plaintiff and the Class Members for the work activities described in subparagraph (A) was willful or that Defendants reasonably should have known that it was work performed within the meaning of 28 U.S.C. sec. 255(a);

   G.  With respect to Subclass A2, whether Defendants misclassified Plaintiff and Class Members as "exempt;" and

   H.  Whether Defendants are liable under Chapter 109 of the Wisconsin Statutes.

13. The claims of Plaintiff are typical of the Class he seeks to represent. Moreover, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, as all Class Members are current or former employees who were not properly paid (or not paid earned overtime) for the work activities described in paragraph 12A.

14. Plaintiff will fairly and adequately protect the interests of the Class. The interests of the named plaintiff are consistent with, and not antagonistic to, those of the Class.

15. The named plaintiff is represented by competent counsel, who are experienced in

complex class action litigation, business and employment law, personnel management, computer technology and electronic discovery.  Both co-counsel are licensed to practice before the U.S. District Courts for the Eastern and Western Districts of Wisconsin, the Seventh Circuit Court of Appeals and the U.S. Supreme Court.  Co-counsel participated in the litigation and settlement on behalf of a national and Wisconsin class of claimants in *Sjoblom v. Charter*, (United States District Court for the Western District of Wisconsin, Case No. (07-C-0451-C).  As well as, *Capp v. Microsoft, Goodel et al. v. Charter Communications, Wilcox et al. v. AEI, Inc. et al., Espenscheid et al. v. UniTek USA, LLC et al.,* and *Taylor v. Copper Family Community Care, Inc., et al*.

16.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history and objectives of the FLSA.

17.     Maintenance of this action as a class action will promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

18.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

19.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby necessitating declaratory and injunctive relief, which is a predominant goal of the Class Members.

**FACTUAL ALLEGATIONS**

20. Aerotek and Allegis employ recruiters in hundreds of offices throughout the country. Across the United States, at any given time, there are approximately 4,000 to 5,000 recruiters working for Aerotek and Allegis.

21. Aerotek and Allegis have multiple offices in Wisconsin, which also employ Recruiter Trainees and Post-Training Recruiters. At any given time, there are over 100 recruiters working for Aerotek and Allegis in Wisconsin.

22. As a staffing agency / recruiting firm, Aerotek and Allegis is paid by employers in multiple fields of employment, which Aerotek and Allegis divide into teams. Examples of teams of recruiters include the engineering team, the scientific team, the commercial team and the energy team.

23. Aerotek and Allegis contract with employers (clients) to find prospective employees in given fields. When Aerotek and Allegis successfully match a prospective employee with an employer, Aerotek and Allegis receive a fee.

24. Recruiters are the employees who do the actual communicating with prospective employees in order to begin and complete the match. A significant portion of a recruiter's work consists of reading off a script. Recruiters have limited contact with the clients.

25. Recruiters work under the direct supervision of an account manager. Recruiters do not manage the business, nor do they manage a particular functional area of the business. Recruiters apply established procedures and do the actual work of the business.

26. Regardless of the team for which a recruiter works, the recruiters perform the same work. As a regular part of their jobs, by telephone and electronic communication, they

contact and receive calls from prospective employees to measure their interest in and suitability for available work and, if they are interested in and qualified for a job, to finalize an agreement between the employee and the client.

27. Recruiters are also expected to meet with clients face-to-face from time to time along with their supervisors, who are Account Managers. Typically, those meetings take place over lunch.

28. Recruiters were expected to meet face-to-face with prospective employees, current contractors and Aerotek management as needed and directed.

29. Every recruiter must complete a training period. Recruiter Trainees are characterized as "non-exempt" under the FLSA (and Wisconsin law) by Aerotek and Allegis. The training period is typically 13 weeks long.

30. Commencing with the third week of training, the Recruiter Trainees would become Post-Training Recruiters. Recruiter Trainees spent their days communicating with and receiving communication from prospective employees and clients.

31. Aerotek and Allegis required Recruiter Trainees to record the time they worked on timesheets.

32. The typical day for a Recruiter Trainee would commence with a 7:30 a.m. in-person meeting with management. At that meeting, Recruiter Trainees would receive a list of contacts to make throughout the day.

33. All Recruiter Trainees were required to record one hour of unpaid time lunch time on their timesheets, except when Recruiter Trainees were "on call" over a lunch period. In fact, Recuiter Trainees always worked over their lunch periods (whether "on call" or not),

communicating with prospective employees or with clients, or meeting with coworkers or management employees or clients.

34. Each working day, at approximately 5:30 p.m., Aerotek and Allegis required all Recruiter Trainees to attend a meeting to assess what work needed to be completed for the day. Recruiter Trainees were required to work an additional 30 to 60 minutes per day to complete their work following this meeting.

35. Aerotek and Allegis required Recruiter Trainees to work more than 40 hours per week, but they also instructed Recruiter Trainees not to record more than 40 hours per week on their timesheets.

36. Aerotek and Allegis management knew that Recuiter Trainees were working in excess of 40 hours per week and receiving no compensation for the time worked in excess of 40 hours per week.

37. It was Aerotek and Allegis' policy and practice that Recruiter Trainees work in excess of 40 hours per week without receiving compensation for the time worked in excess of 40 hours per week.

38. The work performed by Recruiter Trainees was an integral and indispensable part of their employment with Aerotek and Allegis and was pursued necessarily and primarily for Aerotek and Allegis' benefit.

39. If a Recruiter Trainee successfully completed the training period, Aerotek and Allegis characterized the Post-Training Recruiter as "exempt" under the FLSA (and Wisconsin law).

40. Post-Training Recruiters did not keep track of their time: they were paid on a mix of salary and commission.

41. The actual day-to-day duties of Post-Training Recruiters were the same as the duties performed by Recruiter Trainees, except that Post-Training Recruiters were required to work longer hours and to take and make calls over the weekend. Post-Training Recruiters typically worked 60 hours per week.

42. Post-Training Recruiters lack the authority to formulate, affect or implement management policies or operating practices.

43. Post-Training Recruiters do not have the authority to commit the employer in matters that have significant financial impact.

44. Post-Training Recruiters do not have the authority to waive or deviate from established policies and procedures without prior approval.

45. Aerotek and Allegis knew that they misclassified the Post-Training Recruiters as exempt under the FLSA and Wisconsin law. It knew that Post-Training Recruiters were working in excess of 40 hours per week. It intentionally failed to pay Post-Training Recruiters time-and-a-half for work performed in excess of 40 hours per week.

46. The work performed by Post-Training Recruiters was an integral and indispensable part of their employment with Aerotek and Allegis and was pursued necessarily and primarily for Aerotek and Allegis' benefit.

47. Drake began his employment with Aerotek and Allegis in January, 2012. He was hired as a Recruiter Trainee.

48. Near the commencement of his employment with Aerotek and Allegis, he was instructed not to record more than 40 hours of work on his time sheet.

49. After about two weeks into the training period, Drake attended every 7:30 a.m. meeting and every 5:30 p.m. meeting on the days he worked. He worked until 6:00 p.m. or 6:30 p.m. on a daily basis.

50. When not on call, Drake recorded an unpaid hour of lunch when in fact he worked over his lunch hour, with one exception.

51. During his training period, Drake worked about 45 to 55 hours per week, but never received overtime pay for the five to fifteen hours of overtime he worked (with one minor exception described below). In fact, he did not receive any pay for the time he worked in excess of 40 hours during his training period.

52. During one week of his training period, Drake recorded two hours of overtime worked. While Aerotek and Allegis paid him time-and-a-half for those two hours of work, Aerotek and Allegis management admonished him never to record overtime hours again.

53. During Drake's training period, Aerotek and Allegis knowingly and intentionally failed to pay him for the time he worked in excess of 40 hours, with the exception of two hours, as noted above.

54. Drake passed the training period and began working as a Post-Training Recruiter. During his tenure as a Post-Training Recruiter, he worked between 50 and 60 hours per week.

55. As a Post-Training Recruiter, Drake lacked the authority to formulate, affect or implement management policies or operating practices.

56. As a Post-Training Recruiter, Drake did not have the authority to commit the employer in matters that had significant financial impact.

57. A Post-Training Recruiter's primary duty did *not* involve the performance of office or non-manual work directly related to the management or general business operations of

the employer. A Post-Training Recruiter's primary duty did *not* include the exercise of discretion and independent judgment with respect to "matters of significance."

58. As a Post-Training Recruiter, Drake did not have the authority to waive or deviate from established policies and procedures without prior approval.

59. During Drake's tenure as a Post-Training Recruiter, Aerotek and Allegis knowingly and intentionally failed to pay him time-and-a-half for hours worked in excess of 40 per week.

60. It was Aerotek and Allegis' policy and practice that Post-Training Recruiters be misclassified as exempt and that Aerotek and Allegis not pay Post-Training Recruiters time-and-a-half for work performed in excess of 40 hours per week.

61. Plaintiff and Class Members were unaware of their rights under the FLSA and state law until prior to filing of this lawsuit.

### COUNT I:  VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION DURING THE TRAINING PERIOD.

62. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

63. During the three years preceding this action, or since commencement of employment (whichever is applicable), Aerotek and Allegis have failed to pay Plaintiff and the Recruiter Trainee Class Members for time worked in excess of 40 hours in a single week during the training period, as required by 29 U.S.C. sec. 207(a) and (g).

64. Aerotek and Allegis' violation of 29 U.S.C. sec. 207(a) and (g) is "willful" within the meaning of 28 U.S.C. sec. 255(a).

### COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION DURING THE POST-TRAINING PERIOD.

65. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

66. During the three years preceding this action, or since commencement of employment (whichever is applicable), Aerotek and Allegis have failed to pay Plaintiff and the Post-Training Recruiter Class Members time-and-a-half for time worked in excess of 40 hours in a single week, as required by 29 U.S.C. sec. 207(a) and (g).

67. Aerotek and Allegis's violation of 29 U.S.C. sec. 207(a) and (g) is "willful" within the meaning of 28 U.S.C. sec. 255(a).

### COUNT III: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO MAINTAIN RECORDS.

68. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

69. Aerotek and Allegis have failed to keep and preserve accurate records of hours worked by Plaintiff and the Class Members, as well as other required records, in violation of 29 U.S.C. secs. 211(c) and 211(a)(5), by failing to record time spent by Plaintiff and the Class Members in the activities described in the above paragraphs.

### COUNT IV: VIOLATION OF WISCONSIN'S WAGE PAYMENT LAWS – FAILURE TO PAY WAGES.

70. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

71. The time Plaintiff and the members of the Recruiter Trainee Subclass spent engaged in the activities described in the above paragraphs is compensable under Wis. Admin. Code sec. DWD 272.12.

72. Aerotek and Allegis have failed to properly pay Plaintiff and the Recruiter Trainee Subclass Members their wages earned pursuant to Wis. Stats. Sec's. 104.02 and 109.03, and Wis. Admin. Code sec. DWD 272.03 by not paying them for the time spent engaged in the activities described in the above paragraphs.

### COUNT V: VIOLATION OF WISCONSIN'S OVERTIME COMPENSATION LAW – FAILURE TO PAY FOR OVERTIME.

73. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

74. The time Plaintiff and the Wisconsin Class members spent engaged in the activities described in the above paragraphs is compensable under Wis. Admin. Code sec. DWD 272.12.

75. Aerotek and Allegis have failed to pay Plaintiff and the Wisconsin Class Members at the rate of one-and-one-half times their regular hourly rate of pay for all hours worked in excess of 40 hours in a single week, as required by Wis. Stats. Sec's. 104.02 and 109.03, and Wis. Admin. Code sec. DWD 272.03.

### COUNT VI: VIOLATION OF WISCONSIN'S PAID ON DUTY MEAL PERIOD.

76. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

77. Plaintiff and the Wisconsin Class Members were not provided with 30 consecutive minute meal periods free from work, nor were Plaintiff and the Wisconsin Class Members free to leave the employer's premises for a meal break.

78. Aerotek and Allegis did not pay Plaintiff and the Wisconsin Class Members for the on-duty meal period described in the foregoing paragraph, in violation of Wisconsin law.

**COUNT VII: VIOLATION OF WISCONSIN'S RECORD KEEPING LAWS.**

79. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

80. Aerotek and Allegis have violated Wis. Stats. Sec's. 104.02, 109.03 and Wis. Admin. Code sec's. DWD 272.10, 272.11 and 274.06 by failing to keep and preserve accurate records of hours worked by Plaintiff and the Wisconsin Class Members, as well as other required records, by failing to record time spent by Plaintiff and the Class Members in the activities described in the above paragraphs.

**PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff and the Class Members request that this Court:

A. Issue Notice to all similarly situated employees of Aerotek and Allegis informing them of their right to file consent forms to join the FLSA portions (*FLSA national classes*) of this action, and designation of this action as a collective action pursuant to sec. 29 U.S.C. sec. 216(b);

B. Certify the state law claims set forth in Counts IV, V, VI and VII as a class action (*Wisconsin Class*) pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Declare that Aerotek and Allegis violated the FLSA and state law by not paying wages and overtime to Plaintiff and the Recruiter Trainees and the Post-Training Recruiters Class Members for the activities described in the above paragraphs;

D. Permanently enjoin Aerotek and Allegis from violating the FLSA and state law by not paying wages and overtime to Plaintiff and the Recruiter Trainees, the Post-

    Training Recruiters and the Wisconsin Class Members for the activities described in the above paragraphs;

E. Declare that Aerotek and Allegis violated the FLSA and state law by failing to maintain accurate records of the time that Plaintiff and the Recruiter Trainees, the Post-Training Recruiters and the Wisconsin Class Members spent engaged in the activities described in the above paragraphs;

F. Award Plaintiff and the Recruiter Trainees, the Post-Training Recruiters and the Wisconsin Class Members their unpaid regular hourly rate of pay for hours worked up to 40 hours per week and their unpaid overtime rate of pay for all hours of work in excess of 40 hours per week;

G. Award the members of *FLSA national classes* liquidated damages in an amount equal to the amount of their unpaid regular and overtime wages under 29 U.S.C. sec. 216(b);

H. Award the members of the *Wisconsin class* liquidated damages in an amount equal to 50 percent of the amount of their unpaid regular and overtime wages under Wis.Stat. sec. 109.11(2);

I. Award all costs (including, but not limited to, pre and post judgment interest) and attorneys' fees incurred in prosecuting this action; and

J. Such other relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL.

Plaintiff hereby respectfully demands a jury trial pursuant to the Seventh Amendment of the United States Constitution and Fed.R.Civ.Pro. 38(a).

Respectfully submitted this 21st day of March, 2014.

| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
|---|---|
| s/ Robert J. Gingras | s/ Michael J. Modl |
| Robert J. Gingras | Michael J. Modl |
| Paul A. Kinne | John C. Mitby |
| Heath P. Straka | 2 E. Mifflin Street, Ste. 200 |
| 8150 Excelsior Drive | Madison, WI 53703 |
| Madison, WI 53701-1808 | (608) 257-5661 |
| gingras@gcllawyers.com | MModl@axley.com |
| kinne@gcllawyers.com | JMitby@axley.com |
| straka@gcllawyers.com | |