UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDREW DRAKE, on behalf of himself and a class of employees and/or former employees, similarly situated,

Plaintiff,

v.

AEROTEK, INC.,

Defendant.

Case No. 14-cv-216

**DEFENDANT AEROTEK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Aerotek, Inc. hereby submits its Response in Opposition to Plaintiff's Motion to Compel (Plaintiff's "Motion").

## I. INTRODUCTION

In this putative class action alleging violations of Wisconsin wage and hour laws, Plaintiff Andrew Drake prematurely, and without any support, seeks the name and contact information for each of the approximately 273 putative class members despite the fact that no class has been certified. Mr. Drake compounds this unsupported request with even broader and manifestly overburdensome requests for: (1) the identity of all of Aerotek's Wisconsin-based Account Managers and Directors of Business Operations; and (2) an array of irrelevant and overburdensome documents for each and every putative class member in this case. Each of these requests is improper and should be denied.

First, courts across the country—including the U.S. Supreme Court and courts in the Seventh Circuit—have concluded that the names and contact information of putative class members do not fall within the scope of allowable discovery under Federal Rule of Civil

Procedure 26. In fact, even the case law cited by Mr. Drake's Motion shows that that he is not entitled to class-wide contact information at this stage of the litigation.

Second, even if Mr. Drake were entitled to the names and contact information of putative class members—which he is not—he is not entitled to the names of all Wisconsin-based Account Managers and Directors of Business Operations. Indeed, providing these names would be futile because those individuals are management-level employees whom may only be contacted through counsel for Aerotek.

Third, even if this Court granted one or both of Mr. Drake's first two requests—which it should not—Mr. Drake is not entitled to the discovery of individual documents from each putative class member. As multiple courts have held repeatedly, such individualized discovery is inappropriate because it undermines the purpose of the class action mechanism, and places an undue burden on the producing party.

For each of these reasons, and those provided below, this Court should deny Mr. Drake's Motion in its entirety.

## II. FACTUAL BACKGROUND

Mr. Drake is a former Aerotek recruiter who worked in the Company's Madison, Wisconsin office. In his Second Amended Complaint, Mr. Drake claims that Aerotek: (1) failed to compensate recruiter trainees for alleged "off-the-clock" work; (2) improperly classified recruiters as exempt from overtime compensation under Wisconsin wage and hour law; and (3) failed to compensate either recruiter trainees or recruiters for time allegedly spent working during lunch periods. Dkt. #31. Mr. Drake seeks to represent Wisconsin-wide classes with respect to each of his claims. *Id.*[1]

[1] In his Second Amended Complaint, Mr. Drake dropped his claims brought pursuant to § 216(b) of the Fair Labor Standards Act.

On June 25, 2014, Mr. Drake served Aerotek with his First Set of Interrogatories and Requests for Production. Dkt. #34-1. Included in Mr. Drake's First Set of Interrogatories and Requests for Production were requests for:

- The identity and contact information of all Wisconsin-employed persons who participated in Aerotek's Recruiter Trainee Program from March 21, 2012 – present. (Interrogatory No. 1).
- The identity of all Wisconsin-employed Account Managers and Directors of Business Operations from March 21, 2012 – present. (Interrogatories Nos. 2 & 3).
- Payroll and timekeeping records, phone records and call sheets, and time-stamped documents for all putative class members from March 21, 2012 – present. (Requests Nos. 1, 11, and 15).
- All messages or other electronically stored information sent to or from any of Aerotek's Wisconsin offices in the past five years containing the words "overtime," "minimum wage," "FLSA," and/or "Fair Labor Standards Act." (Request No. 24).[2]

On July 28, 2014, Aerotek served Mr. Drake with its Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production.[3] Dkt. #34-2. Aerotek's responses stated that it would provide "requested information" and "relevant, non-privileged documents" concerning Mr. Drake. *See* Declaration of Lincoln Bisbee ("Bisbee Decl."), filed concurrently herewith, at ¶ 3.

To date, Aerotek has produced over 20,000 pages of documents in this case. *See id.* at ¶ 6. The documents produced by Aerotek include: (1) Company policies, procedures, and training materials; (2) documents concerning the Company's Madison, Wisconsin office (where Mr. Drake worked); and (3) documents concerning Mr. Drake individually (including his entire email file). *See id.*

---

[2] The precise language of the Interrogatories and Requests for Production at issue is specified in Mr. Drake's Motion. Dkt. #33 at pp. 3-5.

[3] Aerotek served Mr. Drake with its First Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production on August 12, 2014. Dkt. #34-3.

On October 22, 2014, Mr. Drake sent Aerotek a deficiency letter concerning the same Interrogatories and Requests for Production at issue in this Motion. Dkt. #34-4. After being granted a brief extension by Mr. Drake's counsel, Aerotek responded to that letter on November 14, 2014. *See* Bisbee Decl. at ¶¶ 4-5; Dkt. # 34-5. In its response, Aerotek informed Mr. Drake that:

> the requested discovery discussed in your October 22 letter remains premature, overly-broad, unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. In many instances the requested discovery also seeks information that is not relevant to the litigation and/or invades non-plaintiffs' privacy interests.

*Id.* at 1.

Nonetheless, in an effort to resolve the parties' differences and avoid motions practice, Aerotek indicated that it would "consider providing Mr. Drake with numerical information about the number of individuals in the putative class and the length of each individual's tenure with Aerotek." *Id.* at 2. Aerotek further stated that it "would also be happy to hold a teleconference in order to discuss any of [the issues raised by Mr. Drake's deficiency letter]." *Id.* at 3. Despite these offers, Mr. Drake's counsel never contacted counsel for Aerotek (*see* Bisbee Decl. at ¶ 5); choosing, instead, to simply file the instant Motion and ignoring his obligation to make "a good faith attempt to resolve the dispute." *See* Preliminary Pretrial Conference Order, Dkt. # 21, at p. 4.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 ("Rule 26") strikes a balance between a plaintiff's need for information and the defendant's burden in responding to those information requests. Rule 26(b)(1) provides that a court may limit discovery to matters that are "relevant to any party's claim[s] or defense[s]." Fed. R. Civ. P. 26(b)(1); *see also Vike v. Coopman*, 2009 WL 3321018 (W.D. Wis. Oct. 14, 2009) ("Because the information plaintiff seeks is irrelevant to any

issue in this case, any burden that would be imposed . . . is more than is warranted."); *Hawkins v. Aid Association for Lutherans*, 2001 WL 34388865, at *7 (E.D. Wis. Oct. 31, 2001) (refusing to allow discovery of irrelevant information). Rule 26(b)(2) permits a court to further limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that "discovery, like all matters of procedure, has ultimate and necessary boundaries"). Companywide discovery is "precisely the type of discovery that the Supreme Court contemplated as both costly and time consuming." *See Welch v. Eli Lilly & Co.*, No. 1:06-cv-0641-RLY-JMS, 2009 WL 700199, at *10 (S.D. Ind. Mar. 16, 2009) (denying plaintiffs' motion to compel companywide personnel data prior to class certification).

## IV. THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL

### A. Mr. Drake Is Not Entitled To The Names And Contact Information Of All Putative Class Members

Mr. Drake's first request is for the names and contact information of all putative class members (Interrogatory No. 1). This request flies in the face of clear Supreme Court jurisprudence holding that pre-certification disclosure of putative class members' names and personal information falls outside the allowable scope of Rule 26(b)(1). Specifically, in *Oppenheimer Fund,* the Supreme Court held that the names and contact information of putative class members do not fall within the scope of allowable discovery under Federal Rule of Civil Procedure 26. 437 U.S. at 253. Enforcing that edict, numerous courts across the country—including in the 7th Circuit—have prohibited plaintiffs from recovering this type of information, and turning discovery into "a tool to identify potential new clients." *Swelnis v. Universal Fidelity*, No. 13-cv-104, 2014 U.S. Dist. LEXIS 53058 (N.D. Ind. Apr. 17, 2014) (barring

plaintiff from pre-certification discovery of putative class members' identities)[4]; *see also*, *e.g.*, *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) ("Courts have ordinarily refused to allow discovery of putative class members' identities at the pre-certification state out of concern the plaintiff's attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."); *Temple-Inland Mortg. Corp.*, No. 99-CV-4633., 2001 WL 177181, at *2, n.3 (E.D. Pa. Jan. 24, 2001) (stating that plaintiffs' attorneys cannot use the discovery process as a means to identify prospective class members).

Even where there are no solicitation concerns, courts routinely deny requests for pre-certification discovery of putative class members' identities and contact information. *See*, *e.g.*, *Charles v. Nationwide Mut. Ins. Co.*, No. 09-CV-94, 2010 WL 7132173, at *4-5 (E.D.N.Y. May 27, 2010) (denying a pre-certification request for putative class member information in wage/hour suit, and noting that "courts are very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage"); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. Civ. 06-4073, 2007 WL 404703, at *2-3 (D.S.D. Feb. 1, 2007) ("denying plaintiff's motion to compel discovery of, *inter alia*, names and, stating that "[c]ourts have ordinarily refused to allow discovery of class members' identities at the precertification stage") (internal quotation marks omitted); *Robbins v. NCO Fin. Sys., Inc.*, No. 06-CV-116, 2006 WL 3833352, at *5 (N.D. Ind. Dec. 12, 2006) (denying motion to compel production of names and addresses for each putative class member at pre-certification stage); *Palmer v. Stassinos*, No. 04-CV-3026, 2005 WL 3868003, at *4 (N.D. Cal. May 18, 2005) (defendant properly objected to provision of specific information about the identity of class members, which was not relevant at the pre-certification stage); 2 McLaughlin on Class Actions

[4] Inexplicably, Mr. Drake actually cites *Swelnis* in support of his Motion. Dkt. #33 at 2.

11:1 (10th ed.) ("courts ordinarily will not permit putative class counsel to obtain discovery of class members' identities at the precertification stage.").

While Mr. Drake argues that "contacting members of the putative class will produce information relevant to commonality and typicality" (Dkt. #33 at 2), that argument does not provide a basis for compelling production of putative class members' names and contact information. Mr. Drake surely knows a number of current and former Aerotek recruiters, and he is free to contact them in order to seek whatever information he believes he needs. He simply is not entitled to list of putative class members—a list that would interfere with the privacy interests of current third parties to this litigation—in order to do so. *See, e.g.*, *Kernats v. Comcast Corp.*, No. 09-3368, 2010 WL 8742753, at *3 (N.D. Ill. Jan. 14, 2010) (refusing to order disclosure of members of a putative class action because "plaintiffs have other means of accessing information for at least some class members").

Lastly, the cases cited by Mr. Drake do not support his position. First, as noted above, *Swelnis v. Universal Fidelity*, 2014 U.S. Dist. LEXIS 53058, actually supports Aerotek's position. While the court in *Swelnis* noted that the names and addresses of potential class members "may be discoverable," it concluded that "it is usually inappropriate for a Court to order a defendant to hand over name and address information for *all* the potential class members." *Id.* at *6-7. The court then denied the plaintiff's motion to compel a list of putative class members' names and contact information. *Id.* at *9.

In addition, *Williams v. Chartwell Financial Services*, 204 F.3d 748 (7th Cir. 2000), merely stands for the proposition that "plaintiffs have the right to contact members of a putative class." *Id.* at 759. The Plaintiffs in *Williams* did <u>not</u> request contact information for putative class members. Instead, the case arose out of a challenge to a district court's entry of a

protective order barring plaintiffs from contacting putative class members. *Id.* Those facts are not present here. Aerotek has not prevented Mr. Drake from contacting putative class members. It simply has not agreed to provide him with contact information for every potential class member. Nothing in *Williams* either negates Aerotek's position or contradicts the general rule that a plaintiff is not entitled to class-wide contact information at the pre-certification stage. *See supra* at pp. 5-7.

Finally, Mr. Drake's reliance on *Johnson v. Bankers Life and Casualty Company*, No. 13-cv-144, 2013 U.S. Dist. LEXIS 139986 (W.D. Wis. Sep. 30, 2013), is also misplaced. Specifically, the Court in *Johnson* denied the plaintiff's request for names and contact information for all potential class members, requiring the defendant to provide the name and contact information for only 50 of the 900 putative class members (*i.e.*, for approximately 5.5% of the putative class).[5] *Id.* at *6.

At bottom, Mr. Drake's inaccurate characterization of a handful of cases should not distract the Court from the clear weight of authority cited above – authority that demonstrates incontrovertibly that Mr. Drake is not entitled to either the names or contact information for putative class members at this stage in the litigation.[6]

---

[5] While the decision in *Johnson* did not specify the size of the putative class, that information was contained in the plaintiff's motion for class certification. *See* Case No. 13-cv-144, DKT. #131 at p. 13.

[6] Even if Mr. Drake were entitled to the names and contact information for some or all putative class members—which he is not—Aerotek should only be required to provide putative class members' mailing addresses, not their telephone numbers or email addresses. *See*, *e.g.*, *Frebes v. Mast Restaurants, LLC*, No. 13 C 3473, 2014 WL 1848461, at *7 (N.D. Ill. May 8, 2014) (refusing to provide plaintiffs with email addresses and telephone numbers of potential class members); *Regan v. City of Charleston, S.C.*, -- F. Supp. 2d. --, 2014 WL 4215871, at *3 n.5 (D.S.C. Aug. 18, 2014) (rejecting request for production of potential class member email addresses); *Arevalo v. D.J.'s Underground, Inc.*, Civil Action No. DKC 09-3199, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010) (explaining that contact by phone risks "improper solicitation by plaintiffs' counsel and the needless intrusion into the privacy of these individuals and their families") (internal citations omitted).

### B. Mr. Drake Is Not Entitled To The Names Of All Wisconsin Account Managers And Directors Of Business Operations

Mr. Drake's second request is for the names of all Wisconsin-based Account Managers and Directors of Business Operations (Interrogatory Nos. 2 & 3).[7] As an initial point, Mr. Drake has cited no authority in support of this request. Nor has he provided any explanation—either in his deficiency letter to Aerotek or in the instant Motion—for how the names of managerial employees from offices in which he did not work are somehow relevant at this stage of the litigation.[8]

Even if Mr. Drake had shown that Account Managers and Directors of Business Operations possess relevant, discoverable information—which he has not—a list of their names would be of no value because those individuals may only be contacted through counsel for Aerotek. *See*, *e.g.*, *Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 293 (D.N.J. 1989) (noting that store managers "employed by defendant in stores at which plaintiff worked are management employees and must be contacted only through defendant's counsel").

Finally, the above-cited cases showing that Mr. Drake is not entitled to the names of putative class members (*See supra* at pp. 5-7) also establish that he is not entitled to the names of putative class member's Account Managers and Directors of Business Operations. After all, if the identities of putative class members fall outside the scope of discoverable information under Rule 26 at this stage of the litigation, it follows that the identities of their managers fall outside the scope of discoverable information as well.

---

[7] By way of background, Directors of Business Operations are responsible for a single Aerotek office (or occasionally multiple offices), and Account Managers are responsible for individual divisions within a given office.

[8] Aerotek has already provided Mr. Drake with the name of his Account Managers and Directors of Business Operations from the Madison, Wisconsin office where he worked. *See* Dkt. #34-2 at 5-6 (Aerotek's response to Interrogatory Nos. 2 & 3).

### C. Mr. Drake Is Not Entitled To Individualized Discovery From Putative Class Members

Mr. Drake's final requests are for a vast array of individualized discovery from each and every putative class member. At this time, the putative class is comprised of approximately 273 individuals. (Bisbee Decl. at ¶ 7). Mr. Drake has requested the following documents for each and every one of those 273 individuals:

- "all payroll and time keeping records" (Request No. 1;
- "all phone records and call sheets" (Request No. 11);
- "all time-stamped documents, including log books, work orders, closing documents, security logs, computer logs, telephone logs, or other documents that provide an identifiable time for work-related activities performed by [putative class members]" (Request No. 21).

In addition, Mr. Drake has requested all messages sent to or from any of Aerotek's Wisconsin offices in the past five years containing the words "overtime," "FLSA," and/or "Fair Labor Standards Act" (Request No. 24).[9]

Mr. Drake has done little to explain the need for these extraordinarily broad requests, and has cited no case law in support of his position. This is likely because no court would order the type of unrestrained discovery he has requested. The entire purpose of class action litigation is to narrow the need for individualized adjudication. Yet, Mr. Drake has requested vastly overbroad and unduly burdensome, individual documents from each of the 270+ putative class

[9] Mr. Drake's request for emails containing the words "FLSA" or "Fair Labor Standards Act" is particularly curious given that he has voluntarily dismissed his FLSA claims in this case (which Defendant brought to Mr. Drake's attention in responding to his deficiency letter, to no avail). *See* Dkt. #31. His continued insistence on receiving emails containing these terms suggests that the true intent of his Requests is not to obtain relevant information but, instead, to engage in an impermissible fishing expedition and/or gain a tactical advantage by forcing Aerotek to engage in wildly expensive, overbroad, and unduly burdensome discovery that bears no relation to the claims in this case or to what is appropriate at this stage of the litigation.

members in this case.[10] Moreover, because his Request for emails and other information concerns every Wisconsin-based employee employed in the past five years, it could potentially require Aerotek to search the files of thousands of employees. Courts routinely deny these types of over-broad, overly-burdensome discovery requests. *See*, *e.g.*, *Welch v. Eli Lilly & Co.*, No. 1:06-cv-0641-RLY-JMS, 2009 WL 700199, at *10 (S.D. Ind. Mar. 16, 2009) (denying plaintiffs' motion to compel companywide personnel data prior to class certification and commenting that such requests are "precisely the type of discovery that the Supreme Court contemplated as both costly and time consuming").[11]

Again, the case law prohibiting the discovery of putative class members' identities is instructive. *See supra* at pp. 5-7. Because the identity of putative class members is beyond the scope of discoverable information under Rule 26, so too are individual documents concerning each putative class member. For that reason, among others, courts across the country have found that the type of individualized discovery sought by Mr. Drake is inappropriate in Rule 23 wage and hour class actions at any stage of litigation, let alone at the pre-certification stage. For example, in *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354 (S.D. Ohio 2006), the court

---

[10] Mr. Drake's insistence that he requires individualized discovery to prove his case underscores that individual inquiries will predominate over any common issues in this case. This fatal flaw to Mr. Drake's class claims is further demonstrated by two recent decisions involving Aerotek recruiters, in which two federal courts denied conditional and class certification for claims identical to Mr. Drake's. *See Andrade v. Aerotek, Inc.*, No. 08-2668, 2009 U.S. Dist. LEXIS 76029, *15 (D. Md. Aug. 26, 2009) (denying conditional certification of a proposed nationwide collective action under 29 U.S.C. § 216(b) due to, among other things, the "dissimilarity among recruiters"); *DeLodder v. Aerotek, Inc.*, No. 08-cv-06044, 2010 U.S. Dist. LEXIS 146038, at *46-61 (C.D. Cal. Aug. 16, 2010) (denying class certification of claim under California wage and hour law, and finding that plaintiff failed to meet either the predominance or superiority requirements of Rule 23(b)(3)).

[11] Because of the incredibly time consuming and expensive nature of Mr. Drake's requested discovery, should this Court order any of that discovery—which it should not—it should also order Mr. Drake to share in the cost of the discovery. If Mr. Drake truly believes that his requested discovery is essential to his claims—as opposed to using discovery to either conduct a fishing expedition or subject Aerotek to an undue financial burden—he should not object to that approach.

found that a class action involving alleged wage/hour violations "should be limited to only class wide and class based discovery." *Id.* at 357. The court further found that "[t]o permit individualized discovery . . . would undermine the purpose and utility of both class and collective actions." *Id.*

Numerous other courts have reached the same result. *See*, *e.g.*, *Cranney v. Carriage Services, Inc.*, No. 07-cv-01587, 2008 U.S. Dist. LEXIS 113606, at *9-10, 14 (D. Nev. June 16, 2008) (prohibiting requests for documents concerning approximately 300 class members because such "individualized discovery would undermine the purpose and usefulness of . . . class actions"); *McGrath v. City of Philadelphia*, No. 92-4570, 1994 U.S. Dist. LEXIS 1495, at *8 (E.D. Pa. Feb. 9, 1994 (finding that individualized discovery was "inappropriate in a class action lawsuit" because "[t]o allow such discovery would only serve to obfuscate the issues and drastically enhance the costs of litigation").[12] In this matter, the Court should follow that well-reasoned precedent and reject Mr. Drake's attempt to conduct individualized discovery with respect to each of over 270 putative class members.

## V. **CONCLUSION**

For the reasons set forth above, Aerotek respectfully requests that this Court deny Mr. Drake's Motion to Compel in its entirety.

---

[12] Courts have further held that pre-certification discovery on a class-wide basis is not permissible unless a plaintiff can make a prima facie showing that the class requirements of Rule 23 are satisfied or that the discovery is likely to substantiate class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see also Kaminske v. JPMorgan Chase Bank, N.A.*, 2010 WL 5782995, *1-2 (C.D. Cal. May 21, 2010) (noting that *Mantolete* was "recently cited and implicitly reaffirmed by the Ninth Circuit in *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)"). Mr. Drake has made neither showing. This provides another independent reason for denying his Motion.

Dated: December 8, 2014

By:

*/s/ Kendall W. Harrison*______________

Kendall W. Harrison (Bar No. 1023438)
kharriso@gklaw.com
GODFREY & KAHN S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608.257.3911

John S. Battenfeld (admitted *pro hac vice*)
jbattenfeld@morganlewis.com
Morgan, Lewis & Bockius, LLP
300 South Grand Ave, 22nd Fl.
Los Angeles, CA 90071
Phone: 213.612.1018

Thomas F. Hurka (admitted *pro hac vice*)
thurka@morganlewis.com
Morgan, Lewis & Bockius, LLP
77 West Wacker Dr.
Chicago, IL 60601
Phone: 312.324.1735

Joyce E. Taber (admitted *pro hac vice*)
Lincoln O. Bisbee (admitted *pro hac vice*)
jtaber@morganlewis.com
lbisbee@morganlewis.com
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: 202.739.5148

*Attorneys for Defendant Aerotek, Inc.*

12669788.1