IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW DRAKE,
on behalf of himself and a class of employees
and/or former employees similarly situated,                    OPINION AND ORDER

                                    Plaintiff,                    14-cv-216-bbc

                v.

AEROTEK, INC.,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed class action, plaintiff Andrew Drake alleges that he and other employees like him have worked overtime for defendant Aerotek, Inc. without appropriate pay under Wisconsin wage and hour laws. Before the court is plaintiff's motion to compel discovery related to putative class members, current and former managers of class members, current and former office directors and certain documents in defendant's possession. Because plaintiff has shown that these requests are reasonably calculated to lead to information relevant to plaintiff's arguments for class certification and defendant has not shown that the requests are unduly burdensome, plaintiff's motion will be granted.


OPINION

In his interrogatories and requests for documents, plaintiff asked defendant the identity and contact information for former and current employees in the same or similar

1

position as plaintiff (limited to those employed in Wisconsin between March 21, 2012 and present), those employees' time records and related documents (same limitations), the identity of former and current managers (same limitations) and documents or emails containing the words "overtime," "minimum wage," "FLSA" or "Fair Labor Standards Act" (limited to those created in the last five years).  Defendant objected to these requests and, after one exchange of letters on the matter, plaintiff filed his motion to compel.

Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and, for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

A.  Putative Class Member Information

Plaintiff argues that his request for information regarding putative class members is relevant to his ability to show typicality and commonality, especially because he anticipates that defendant will take the position that it has no policy permitting overtime work without proper pay.  Defendant contends that information and documents related to prospective plaintiffs are not relevant before class certification.  In support, it cites cases in which district courts have refused to permit discovery on putative class members' identities and contact information before certifying the class action.  E.g., Swelnis v. Universal Fidelity, No. 13-cv-104, 2014 U.S. Dist. LEXIS 53058 (N.D. Ind. Apr. 17, 2014) (holding plaintiff not entitled to names and contact information for potential class members because plaintiff

needed information to show numerosity only, for which names and contact information unnecessary); Charles v. Nationwide Mutual Insurance Co., No. 09-CV-94, 2010 WL 7132173, at *4-5 (E.D.N.Y. May 27, 2010) (acknowledging that pre-certification discovery is often necessary but denying it in case before it because plaintiff had failed to explain why it was relevant in his case); Bird Hotel Corp. v. Super 8 Motels, Inc., No. Civ. 06-4073, 2007 WL 404703, at *2-3 (D.S.D. Feb. 1, 2007) (holding that "[a] certain amount of discovery is essential in order to determine the certification issue and the proper scope of a class action" but finding no need to contact individual members because all were subject to the same fee at issue in litigation); Robbins v. NCO Financial Systems, Inc., No. 06-CV-116, 2006 WL 3833352, at *5 (N.D. Ind. Dec. 12, 2006) (denying motion to compel because plaintiff identified numerosity as only relevant reason for discovery); Dziennik v. Sealift, Inc., No. 05-CV-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (same); Palmer v. Stassinos, No. 04-CV-3026, 2005 WL 3868003, at *4 (N.D. Cal. May 18, 2005) (denying motion to compel names and addresses out of privacy concerns and because defendant gave plaintiff names of number of potential class members, which plaintiff was seeking).

As these cases show, in some situations access to putative class members' information is unnecessary and even intrusive, such as when a plaintiff is seeking information for numerosity purposes only.  In those circumstances, the district court has wide discretion to limit the scope of discovery.  Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303, 304-05

(D. Colo. 1998) ("the recognized need for pre-certification discovery is subject to limitations which may be imposed by the court . . . .").

However, in cases like this one, some discovery may be necessary before class certification.  In order to show that this case meets the requirements for certification under Fed. R. Civ. P. 23, and particularly the requirements of typicality and commonality, plaintiff must contact individual class members.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 363 n.20 (1978) ("There may be instances where this information [(class members' names and addresses)] could be relevant to issues that arise under Rule 23, . . . or where a party has reason to believe that communication with some members of the class could yield information bearing on these or other issues.") (internal citation omitted); Sjoblom v. Charter Communications, LLC, No. 3:07-cv-0451-bbc, 2008 WL 4276928, at *2 (W.D. Wis. Jan. 4, 2008) ("The identity of defendant's employees and employment practices related to those employees are reasonably likely to yield support for plaintiff's class allegations."); Swelnis, 2014 WL 1571323, at *3 ("This information [(the names and addresses of potential class members)] may be discoverable, however, if it is relevant for Federal Rule of Civil Procedure 23 purposes or where there is good reason to think that communication with class members might yield information bearing on those Rule 23 issues."); Johnson v. Bankers Life & Casualty Co., No. 13-cv-144-wmc, 2013 WL 5442374, at *2 (W.D. Wis. Sept. 30, 2013) ("plaintiff argues . . . that discovery from [defendant's] customers who have purchased the annuity with the rider at issue would assist plaintiff in showing commonality and typicality as required for class certification under Rule 23.  The

4

court agrees.") (footnote omitted); <u>Acevedo v. Ace Coffee Bar, Inc.</u>, 248 F.R.D. 550, 554 (N.D. Ill. 2008) ("Because Plaintiffs are entitled to structure their suit to proceed as a class under Section 216(b), and because they may proceed with limited discovery prior to provisional certification, Defendants must comply with Plaintiffs' Interrogatories and Requests for Production of Documents pertaining to the addresses and phone numbers of similarly situated employees.").

Defendant argues that even if plaintiff is entitled to contact putative class members for the purpose of preparing for class certification, he does not need all their names and contact information because plaintiff "surely knows a number of current and former Aerotek recruiters, and he is free to contact them . . . " Dft.'s Br, dkt. #35, at 7. Although I agree that plaintiff may be able to find some of the information he seeks by contacting fewer than all of the putative class members, <u>Swelnis</u>, 2014 WL 1571323, at *3, defendant's suggestion that plaintiff is able to contact some class members without their names and contact information is mere speculation. Further, defendant makes no suggestion regarding an appropriate subset of putative class members that plaintiff might contact. Therefore, I conclude that plaintiff is entitled to discovery of names and contact information of all putative class members.

Finally, defendant states that it is unduly burdensome to produce time and call records for the approximately 270 class members because, it says, the information is irrelevant at this stage of the proceedings and inappropriate for class actions. However, I conclude that the information sought by plaintiff is relevant to class certification. Plaintiff

has stated his intention to allege that he and others like him worked overtime without proper pay; the time and call records of employees like plaintiff are clearly relevant for determining the scope of the class and whether or when other employees worked overtime without proper pay. Defendant does not explain why production of these materials would be *unduly* burdensome for any other reason and I see none.

Accordingly, with one important caveat, I will grant plaintiff's motion as to his interrogatory no. 1 and requests no. 1, 11 and 15, in which plaintiff requests the identity, contact information and time and call records for putative class members. Defendant raises valid concerns about the privacy of the putative class members and the need to take precautions to prevent improper use of the class members' information, so I will enter a protective order that limits plaintiff's use of the contact information to the purposes of this litigation. Acevedo, 248 F.R.D. at 554 (granting plaintiff's motion to compel discovery of potential class members' addresses and phone numbers over privacy objections but imposing protective order). The parties have until January 6, 2015 in which to propose language for the protective order.

B. Managers and Directors

Plaintiff argues that his request for the identities of managers and directors is relevant at this stage of the litigation because any evidence that the managers and directors engaged in policies or practices requiring their employees to work overtime without proper pay is evidence that plaintiff's experience was typical of the class and that the litigation would

involve questions common to all class members.  Although defendant is correct that plaintiff cannot contact the managers directly (he must work through their corporate counsel), plaintiff needs the managers' and directors' names in order to notice them for depositions. Accordingly, plaintiff's motion will be granted with respect to plaintiff's interrogatories 2 and 3 as well.

## C.  Documents

Plaintiff has requested documents created by defendant within the last five years that contain the terms "overtime," "minimum wage," "FLSA" or "Fair Labor Standards Act." Documents with these words may be evidence of a company policy or practice related to overtime work.  Defendant says plaintiff's request would entail a search of the emails for thousands of employees from over the past five years, and thus the request is overly broad and unduly burdensome.  With today's technology, it is difficult to perceive why conducting an electronic search for four phrases is unduly burdensome even if the search includes a significant number of documents.  Without more explanation from defendant as to why such a search would impose an inordinate burden, I cannot conclude that plaintiff's request is too broad.  Accordingly, plaintiff's motion will be granted with respect to request no. 24.

## D.  Other Matters

Defendant argues that plaintiff ignored his obligation to make a good faith attempt to resolve the discovery dispute before bringing the motion to compel.  After defendant

failed to produce the requested discovery, plaintiff sent defendant a deficiency letter. Defendant responded by again refusing to provide the discovery sought but saying that it would be amenable to holding a telephone conference on the subject. Defendant argues that plaintiff never attempted to call defendant to resolve the issue and thus failed to make a good faith attempt at resolution. In effect, defendant is suggesting that it may avoid all motions to compel by ending its letters with offers to speak by telephone. Plaintiff sent a letter to resolve defendant's objections and defendant responded that it would continue to object. Nothing in the Federal Rules of Civil Procedure or this court's preliminary pretrial conference order required plaintiff to do anything more.

Further, I note that defendant suggests in a footnote that plaintiff should bear some of the costs of discovery. Perhaps so, but more than a suggestion in a footnote is required to order an opposing party to bear costs. Because defendant does not explain this argument, it has forfeited it. To the extent defendant raised arguments in footnotes and I have not otherwise addressed them in this opinion, I deem them forfeited for defendant's failure to properly raise and develop them.

ORDER

IT IS ORDERED that plaintiff Andrew Drake's motion to compel discovery, dkt. #33, is GRANTED. The parties have until January 6, 2015 in which to propose language for a protective order. Defendant Aerotek, Inc. must serve full and complete responses to

plaintiff's discovery requests no later than noon on January 30, 2015.

Entered this 30th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge