IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW DRAKE, on behalf of
himself and others similarly situated,                                 ORDER

                         Plaintiff,                                     14-cv-216-bbc

        v.

AEROTEK, INC.,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Andrew Drake filed this lawsuit on behalf of himself and similarly situated individuals to recover overtime pay for his work as a recruiter trainee and a recruiter for defendant Aerotek, Inc. Currently before the court is plaintiff's motion to certify two statewide classes under Fed. R. Civ. P. 23(b)(3). Dkt. #51. However, plaintiff's motion and second amended complaint present questions concerning subject matter jurisdiction that the court must address before deciding the issue of class certification. <u>Henderson ex rel. Henderson v. Shinseki</u>, 562 U.S. 428, 434 (2011) (court has independent obligation to ensure that jurisdiction exists); <u>Avila v. Pappas</u>, 591 F.3d 552, 553 (7th Cir. 2010) (first question in any lawsuit is whether court has subject matter jurisdiction).

In his initial complaint filed on March 21, 2014, plaintiff proposed a nationwide collective action under 29 U.S.C. § 216(b) related to alleged violations of the Fair Labor Standards Act, and a statewide class action under Fed. R. Civ. P. 23 related to violations of Wisconsin wage and overtime laws, Wis. Stats. §§ 103, 104 and 109.01. Dkt. #1. Plaintiff

1

alleged that the court had jurisdiction over the state law claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5,000,000 and he and defendant are citizens of different states. Id. at ¶ 3. Plaintiff's proposed collective action and state law subclasses consisted of employees who worked for defendant as recruiters during and after their training period and who were not compensated for overtime during the past three years. On July 18, 2015, plaintiff filed an amended complaint in which he did not significantly change the proposed class definitions. Dkt. #24. On August 29, 2014, plaintiff filed an unopposed motion to file a second amended complaint that dropped the federal claims and proposed three statewide classes: (1) between 500 and 1000 recruiters who worked for defendant during their training period; (2) recruiters who completed their training period and were classified as exempt from overtime compensation under state law; and (3) recruiters who worked through their lunch periods but were not paid for their time. Dkt. #31 at ¶¶ 1 and 8. Plaintiff again alleged jurisdiction based on § 1332(d)(2).

Now, in his motion for class certification, plaintiff has further limited the scope of his proposed state classes to the following: (1) a trainee class consisting of approximately 147 members who were not paid for overtime hours they worked between March 21, 2012 and March 31, 2014; and (2) a recruiter class consisting of approximately 173 members who were classified as exempt on or after March 21, 2012. Dkt. #52 at 1-2. Given the small size of the proposed subclasses and the limited two-year time period, I am concerned that plaintiff can not meet the $5,000,000 amount in controversy necessary to establish


jurisdiction under § 1332(d)(2). In his supporting brief, plaintiff claims that trainees and recruiters worked eight hours of overtime a week and that trainees earned $14.42 an hour and recruiters earned $33,000 per year (equivalent to approximately $15.86 an hour). Dkt. #52 at 7, 17 and 24. In light of these facts, it seems unlikely that the amount in controversy would total anything close to $5,000,000. In addition, even if plaintiff were to rely on the general diversity statute, 28 U.S.C. § 1332(a), it is not clear that his individual claim would meet the $75,000 amount in controversy requirement. Travelers Property Casualty v. Good, 689 F.3d 714, 717 (7th Cir. 2012) ("[C]laims of multiple litigants cannot be aggregated to reach the jurisdictional amount in controversy"). As a result, I will give plaintiff an opportunity to explain why he believes that this court still has jurisdiction in this case.

In responding to this order, plaintiff should keep in mind the general rule that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell International Corp. v. United States, 549 U.S. 457, 473–74 & n. 6 (2007). Cf., Boulet v. National Presto Industries, Inc., No. 11-cv-840-slc, 2013 WL 4014982, at *3 (W.D. Wis. Aug. 6, 2013) (discussing how rule differs for removal cases in which "nothing filed after a notice of removal affects jurisdiction"). Thus, even if jurisdiction exists at the time of filing, it is possible for a plaintiff to amend away jurisdiction. In re Burlington Northern Santa Fe Railway Co., 606 F.3d 379, 381 (7th Cir. 2010). What is not clear is whether plaintiff's subsequently-filed motion to certify more limited subclasses affects jurisdiction in this case. As a result, plaintiff should identify the basis for jurisdiction, explain whether the allegations

in his second amended complaint meet the $5,000,000 amount in controversy requirement and discuss the effect, if any, of the newly revised class allegations.

ORDER

IT IS ORDERED that plaintiff Andrew Drake shall have until August 7, 2015 to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Defendant Aerotek, Inc. has until August 14, 2015 to respond.

Entered this 30th day of July, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge